Deaderick, J.,
having been of counsel, did not sit in this case. E. McFablaND, S. J., delivered the opinion of the Court.
Under a decree pronounced in this cause, at Blount-ville, certain .lands in Sullivan county were sold by the Master on the 27th of July, 1868, and bid off by James M. Davault, for $425, all of which appears from the Master’s report, filed the 8th of August, 1868.
*722 At the first term after this sale, the November Term, 1868, no decree was entered of record. There appears in the transcript, exceptions to the sale, by the complainant, but there is nothing to show when they were filed. On the 19th of February, 1869, the Master filed his report, reciting that, at the November Term, 1868, said sale had been set aside, and the biddings opened upon the application of complainants, Newland and Vance; and that in pursuance of this decree, the bid-dings had been opened and the land sold, on the 18th of February, 1869, to W. N. Vance and "Wilburn New-land, for $1,436. At the May Term, 1869, the cause was heard upon both reports of sale and exceptions, and a decree rendered setting forth, that at the November- Term, 1868, a decree had been rendered by the Chancellor then presiding, opening the biddings, and directing the same to be kept open for three months; but by accident or mistake, said decree was not entered of record, and orders that said decree be entered .mine pro tuno. This latter decree adjudges that the first sale be set aside, and the latter sale be confirmed From this decree, Andrew Gibson, who the decree recites, is the assignee and vendee of James M. Davaultj the purchaser at the first sale, prays and obtains an appeal to this Cours.
A purchaser at a Chancery sale becomes so far a party to the cause, as to authorize him to appeal from any subsequent decree affecting his rights. The report of the Master and the notes for purchase money, is the record upon which he becomes a party to the cause; an assignment of the bid by the purchaser, reported by *723 the Master, or authorized by the Court, would doubtless authorize the assignee of the purchaser to take the place of, and be entitled to, the rights of the latter.
The evidence upon which Gibson claims the right to the land, and to litigate the question in this cause, is an agreement entered into between Davault and himself on the 23d of February, 1869. This agreement is transcribed in the record, though it does not appear to have been filed as evidence, or made a part of the record in any regular mode. But this objection out of the way, the agreement itself can not be recognized as valid, or as giving Gibson any status in court. It shows upon its face, that it was executed after the sale to Davault had been set aside by the Court, and after the land had been resold to Vance and Newland. And although it does not say so in terms, yet it bears .unmistakable evidence of the fact, that this was well known to both Davault and Gibson at the time this agreement was entered into. It recites, that, at the November Term, 1869, “an effort was made to set aside my purchase, although I had in good faith complied with the terms of sale. I claim the property under my purchase, and as no record appears in the proceedings of November, 1868, of said Court setting aside said sale, I demand that a faithful compliance of the contract be enforced by the Court,” &c.
This agreement further provides, that Gibson “is to prosecute the case at his own expense; that he may appeal to the Supreme Court,” etc.
There appears, also, in the record, an affidavit made by “A. Gibson,” which seems to have been used upon *724 the motion to open the biddings, although the date of it is not given. This affidavit states that the property is worth one thousand dollars or more, and that a confirmation of the sale 'at $425 would be manifest injustice to the parties. "We are left to infer that the said “A. Gibson,” who makes the affidavit, is the same man who appeals in this case. Nothing appears to the contrary. It is clear, therefore, that Davault and Gibson discovered that the decree of the November Term, 1868, had not been entered of record; and supposing this to be a fatal omission, Davault, by this contract, sells his “pretended claim” to Gibson — a claim that they then both knew had been declared invalid. This was, in substance, an effort, upon the part of Gibson, to purchase Davault’s interest in a law suit. The contract is illegal, and can not be regarded as giving Gibson any status in court. This result is clear, from principles so familiar that it needs no illustrations or authority to sustain the proposition. Davault’s notes had been previously surrendered to him, as appears from the decree; and the notes of Gibson; which are filed by him with the agreement before referred to, have never been accepted by the Master.
If Gibson stood in an attitude before us to have the cause reviewed, we should entertain no doubt of the correctness of the Chancellor’s decree.
It is argued, upon the authority of .the case of Johnson v. Quarles, 4 Cold., 615, that mere inadequacy of price is not sufficient to set aside a Master’s sale, even before confirmation; that there must be accident, fraud, or some other circumstances making it inadequate to confirm the sale. Without inquiring as to the correctness *725 of this authority, at present^ we think it clear that satisfactory reasons were made to appear in this case, why it would have been inequitable and unjust to confirm the first sale.
The action of his Honor purports to have been founded upon reasons, presented in the petition of the complainants and affidavits. There is no bill of exceptions setting forth the affidavits, or making them a part of the record; and we would presume, unless the contrary appeared, that the reasons presented justifies the action of the Court. There are affidavits, however, copied in the record; and assuming that these were all, we think they present ample reasons for opening the biddings. They show that the parties in interest were prevented from attending the sale, by reasons that, under the circumstances, are a sufficient excuse; and in a case like this, where lands in which minor children have an interest, have been sold for a grossly inadequate consideration, we think his Honor would have erred had he acted otherwise.
But for the reasons before stated, we hold that Gibson, the appellant, is not entitled to a review of this cause, and we dismiss his appeal, and enter a decree against him and his security, for the costs of this Court.
The cause will be remanded, to be proceeded with.